By
 
 the Court.
 

 The act of 1784, ch. xi. was passed to remove doubts, which were entertained whether the real estates of deceased debtors in the hands of their heirs or devisees, should be subject to the payment of debts upon judgments obtainsd against the Executors or Administrators ; and to direct the mode of proceeding in such cases.” It is declared in the 2d section of this, act,
 
 “
 
 that in all cases at law', where the Executors or Administrators of any deceased person shall plead fully administered, no assets, or not sufficient to satisfy the plaintiff’s demand, and such plea shall be found in favour of thedefendant, the plaintiff may proceed to ascertain his demand and sign judgment; but before taking out execution against the real estate of the deceased debtor, a writ or writs of
 
 scire facias
 
 sliall and may
 
 *99
 
 issue, summoning the respective heirs and devisees of such deceased debtor j to shew cause wliy execution should not issue against the real estatejbr the amount ofsucli judgment, or so much thereof as there may not be personal assets to discharge ; and if judgment shall pass against the heirs or de-visees, or any of them, execution shall and may issue against the real estate of the deceased debtor, in the bauds of such heirs or devisees, against whom judgment shall be given as aforesaid.” — The Legislature intended that the real estates of deceased debtors should not he subject to, the payment of their debts, until the personal estate was exhausted; and the court have no power to award execution against the real estate in the hands of the heirs or devisees, until “ it shall be found upon the plea of the Executors or Administrators, that they have fully administered, have no assets, or not sufficient to satisfy the creditor’s demand.” The judgment, therefore, rendered against the plaintiffs in error was not rendered according to the mode of proceeding directed by the Legislature: it is erroneous and must be reversed.